# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00384-CR

---

**Francisco Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-20-100024, THE HONORABLE MICHAEL KEASLER, JUDGE PRESIDING

---

### C O N C U R R I N G   O P I N I O N

The court does not decide whether the admission of the Facebook and TextNow messages between Lopez and his co-defendant, E, was error, but rather goes straight to a harm analysis. I join the Court's opinion but write separately because I think the interplay of hearsay rules and statements of defendants and co-conspirators offered at trial is an issue that is important for practitioners to understand. I would hold the messages here were admissible because they are not hearsay under Texas Rule of Evidence 801, resulting in no need for a harm analysis.

Lopez's statements were classic admissions by party opponent under Rule 801(e)(2)(A). Generally, any prior statement of the defendant, via text, Facebook messenger, or otherwise, is not hearsay. *Cunningham v. State*, 846 S.W.2d 147, 151–52 (Tex. App.—Austin 1993), *aff'd*, 877 S.W.2d 310 (Tex. Crim. App. 1994); *Ripstra v. State*, 514 S.W.3d 305, 315 (Tex.

App.—Houston [14th Dist.] 2016, pet. ref'd) (Facebook posts); *Jones v. State*, 466 S.W.3d 252, 265–66 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (text messages).

Similarly, most of E's statements were statements by a co-conspirator admissible under Rule 801(e)(2)(E). That rule provides that if the statement is offered against an opposing party and was made by the party's co-conspirator during and *in furtherance* of the conspiracy, it qualifies as non-hearsay. Tex. R. Evid. 801(e)(2)(E) (emphasis added). "To come within [the co-conspirator] rule, the State must show that a conspiracy existed, that the co-conspirator was a member of or participated in the conspiracy, and that the statement was made to advance or facilitate the conspiracy." *Maynard v. State*, 166 S.W.3d 403, 411 (Tex. App.—Austin 2005, pet. ref'd). "Statements made in furtherance of a conspiracy include attempts to induce others to cooperate with or assist co-conspirators; attempts to induce another to join or continue with the conspiracy; discussions related to concealment of the conspiracy; or conversations to identify the roles of the conspirators." *Fuelberg v. State*, 447 S.W.3d 304, 315–16 (Tex. App.—Austin 2014, pet. ref'd) (quoting *Maynard*, 155 S.W.3d at 411). Here there was evidence throughout trial that E had conspired with Lopez to kill Gomez. Further, E's numerous statements regarding payment for the offense were co-conspirator statements, as they were in furtherance of the conspiracy. *Brown v. State*, 576 S.W.2d 36, 41 (Tex. Crim. App. 1978) (object of conspiracy had not been completed because murder conspirators had not received all of their compensation); *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993) ("Statements regarding the payment of money for services rendered in accomplishing the illegal goals of a conspiracy can be considered to be 'in the course and in furtherance of the conspiracy.'"). So too were his statements about the "9," clearly referring to the 9mm murder weapon in this case. *See Helms v. State*, 493 S.W.2d 227, 230 (Tex.

2

Crim. App. 1973) (co-conspirator's statement made to facilitate disposal of murder weapon admissible).

To the extent that any of E's statements were not made directly in furtherance of the conspiracy, for example his statement that his daughter needed money for her light bill, they were not offered to prove the truth of the matter asserted in the statement but rather for the effect on the listener Lopez to give context to Lopez's responses. *See* Tex. R. Evid. 801(d)(2); *McNeil v. State*, 452 S.W.3d 408, 419 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (statements offered only to show effect on listener are not hearsay). With these comments, I join the Court's opinion.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed: June 30, 2026

Do Not Publish